UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JUAN PEREIRA, individually and on
behalf of all others similarly situated,

                                             Plaintiffs,              **COLLECTIVE ACTION COMPLAINT**

      -against-

DAWN TO DUSK LANDSCAPING, INC. and ALBERT
AMBROGI, THOMAS AMBROGI and ROBERTO CASTRO, as
individuals,

                                             Defendants.             **JURY TRIAL REQUESTED**
------------------------------------------------------------------------X

1. Plaintiff, **JUAN PEREIRA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **JUAN PEREIRA**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **DAWN TO DUSK LANDSCAPING, INC. and ALBERT AMBROGI, THOMAS AMBROGI and ROBERTO CASTRO, as individuals** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants at DAWN TO DUSK LANDSCAPING, INC. located at 40 Wells Road, Greenlawn NY, 11740.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff JUAN PEREIRA residing at Roosevelt, NY 11575 was employed by Defendants from in or around May 2018 until in or around September 2021.

9. Defendant, DAWN TO DUSK LANDSCAPING, INC., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located 40 Wells Rd, Greenlawn, NY 11740.

10. Upon information and belief, Defendant, DAWN TO DUSK LANDSCAPING, INC. is a corporation duly authorized to do business under the laws of the State of New York.

11. Upon information and belief, Defendants ALBERT AMBROGI is the owner of corporate Defendant, DAWN TO DUSK LANDSCAPING, INC.

12. Upon information and belief, ALBERT AMBROGI is an agent of DAWN TO DUSK LANDSCAPING, INC.

13. Upon information and belief, ALBERT AMBROGI is responsible for overseeing all daily operations of the Defendant's business at DAWN TO DUSK LANDSCAPING, INC.

14. Upon information and belief, ALBERT AMBROGI has power and authority over all the final personnel decisions of DAWN TO DUSK LANDSCAPING, INC.

15. Upon information and belief, ALBERT AMBROGI has the power and authority over all final payroll decisions of DAWN TO DUSK LANDSCAPING, INC., including the Plaintiff.

16. Upon information and belief, ALBERT AMBROGI has the exclusive final power to hire the employees of DAWN TO DUSK LANDSCAPING, INC. including the Plaintiff.

17. Upon information and belief, ALBERT AMBROGI has exclusive final power over the firing and terminating of the employees of DAWN TO DUSK LANDSCAPING, INC., including Plaintiff.

18. Upon information and belief, ALBERT AMBROGI is responsible for determining, establishing and paying the wages of all employees of DAWN TO DUSK LANDSCAPING, INC., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

19. Accordingly, at all relevant times hereto, Defendant ALBERT AMBROGI was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

20. Upon information and belief, Defendants THOMAS AMBROGI is the owner of corporate Defendant, DAWN TO DUSK LANDSCAPING, INC.

21. Upon information and belief, THOMAS AMBROGI is an agent of DAWN TO DUSK LANDSCAPING, INC.

22. Upon information and belief, THOMAS AMBROGI is responsible for overseeing all daily operations of the Defendant's business at DAWN TO DUSK LANDSCAPING, INC.

23. Upon information and belief, THOMAS AMBROGI has power and authority over all the final personnel decisions of DAWN TO DUSK LANDSCAPING, INC.

24. Upon information and belief, THOMAS AMBROGI has the power and authority over all final payroll decisions of DAWN TO DUSK LANDSCAPING, INC., including the Plaintiff.

25. Upon information and belief, THOMAS AMBROGI has the exclusive final power to hire the employees of DAWN TO DUSK LANDSCAPING, INC. including the Plaintiff.

26. Upon information and belief, THOMAS AMBROGI has the power over the firing and terminating of the employees of DAWN TO DUSK LANDSCAPING, INC., including Plaintiff.

27. Upon information and belief, THOMAS AMBROGI is responsible for determining, establishing and paying the wages of all employees of DAWN TO DUSK LANDSCAPING, INC. including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

28. Accordingly, at all relevant times hereto, Defendant THOMAS AMBROGI was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

29. Upon information and belief, Defendant ROBERTO CASTRO is the Supervisor of corporate Defendant, DAWN TO DUSK LANDSCAPING, INC.

30. Upon information and belief, ROBERTO CASTRO is responsible for overseeing all daily operations of the Defendant's business at DAWN TO DUSK LANDSCAPING, INC.

31. Upon information and belief, ROBERTO CASTRO has power and authority over all the final personnel decisions of DAWN TO DUSK LANDSCAPING, INC.

32. Upon information and belief, ROBERTO CASTRO has the power and authority over all final payroll decisions of DAWN TO DUSK LANDSCAPING, INC. including the Plaintiff.

33. Upon information and belief, ROBERTO CASTRO has the power to hire the employees of DAWN TO DUSK LANDSCAPING, INC. including the Plaintiff.

34. Upon information and belief, ROBERTO CASTRO has the power over the firing and terminating of the employees of DAWN TO DUSK LANDSCAPING, INC., including Plaintiff.

35. Upon information and belief, ROBERTO CASTRO is responsible for determining, establishing and paying the wages of all employees of DAWN TO DUSK LANDSCAPING, INC., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

36. Accordingly, at all relevant times hereto, Defendant ROBERTO CASTRO was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

37. Upon information and belief, DAWN TO DUSK LANDSCAPING, INC., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for

commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

38. Plaintiff JUAN PEREIRA was employed by Defendants at DAWN TO DUSK LANDSCAPING, INC. from in or around May 2018 in or around September 2021.
39. During Plaintiff JUAN PEREIRA'S employment by Defendants at DAWN TO DUSK LANDSCAPING, INC., Plaintiff's primary duties were as a painter and landscaper while performing other miscellaneous duties.
40. Plaintiff regularly worked a schedule of shifts beginning at approximately 8 a.m. and regularly ending each day at approximately 7:30 p.m.
41. Plaintiff worked approximately six (6) days per week, Monday through Saturday of each week. However, Plaintiff was also required to work Sundays for a total of seven (7) days per week for certain weeks each year of his employment.
42. Thus, the Plaintiff was regularly required to work sixty-nine (69) hours per week when he worked six (6) days per week and approximately eighty-and-one-half hours (80.5) per week when he worked seven (7) days per week.
43. Plaintiff was paid by Defendants a flat daily wage, without regard for the number of hours worked, in the flat amount of approximately $140.00 per day. Plaintiff was paid the same flat daily rate of pay even when his shifts exceeded forty hours worked for the workweek.
44. Although Plaintiff regularly worked approximately sixty-nine (69) to eighty-and-one-half (80.5) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.
45. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

46. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
47. Upon information and belief, Defendants willfully failed to provide Plaintiff with a written notice, in English, and in Spanish (Plaintiff's primary language), of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).
48. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).
49. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."
51. Collective Class: All persons who are or have been employed by the Defendants as painters and landscapers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.
52. Upon information and belief, Defendants employed approximately 20 to 30 employees during the relevant statutory period who Defendants subject(ed) to similar payment structures that violate applicable law.
53. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.
54. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

55. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.
56. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.
57. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
58. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
59. The claims of Plaintiff are typical of the claims of the whole putative class.
60. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.
61. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
63. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.
64. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

65. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

66. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

67. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

68. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

71. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

72. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants failed to provide Plaintiff with a written notice, in English, and in Spanish (Plaintiff's primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

75. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

76. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3)

78. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:  December 20, 2021
        Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUAN PEREIRA, individually and on behalf of all others similarly situated

                           Plaintiff,

-against-

DAWN TO DUSK LANDSCAPING, INC. and ALBERT AMBROGI, THOMAS AMBROGI and ROBERTO CASTRO, as individuals,

                           Defendants.

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To: service via mailing;

**DAWN TO DUSK LANDSCAPING**
40 Wells Rd, Greenlawn, NY 11740

**ALBERT AMBROGI**
40 Wells Rd, Greenlawn, NY 11740

**THOMAS AMBROGI**
40 Wells Rd, Greenlawn, NY 11740

**ROBERTO CASTRO**
40 Wells Rd, Greenlawn, NY 11740